**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 9, 2011[*]
Decided February 28, 2011

*Before*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2035

| | |
|---|---|
| BRUCE E. WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 3:09-cv-00280-slc |
| TEODORO ROMANA and | |
| CHRISTINE SWANSON, | Stephen L. Crocker, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and record.  *See* Fed. R. App. P. 34(a)(2)(c).

Bruce Williams, a former Wisconsin state inmate, appeals a grant of summary judgment for a prison doctor and nurse, whom he sued for deliberate indifference in denying him treatment for a painful throat condition. We affirm.

Because Mr. Williams did not respond properly to the defendants' proposed findings of fact, the district court deemed those facts undisputed; the facts show the following. Mr. Williams was detained for ten months at Sauk County Jail in Wisconsin. While there, he complained about a painful lump in his throat. Prison nurse Christine Swanson provided Mr. Williams with medical care, but she was not involved in the treatment of his throat. Mr. Williams saw Dr. Teodoro Romana five times for his throat, but Romana neither found a lump nor observed Mr. Williams having any problems breathing or swallowing. Dr. Romana first prescribed medication to treat acid reflux, but eventually diagnosed "globus hystericus"—a condition in which a patient feels a lump in the throat due to hysteria or some other neurosis.

Mr. Williams sued Romana and Swanson under 42 U.S.C. § 1983, claiming that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] The magistrate judge, proceeding by consent, *see* 28 U.S.C. § 636(c), granted the defendants' motion for summary judgment, stating that the undisputed evidence showed that Swanson was not liable for Mr. Williams's throat problems and that Romana provided Williams with adequate care.

On appeal, Mr. Williams submitted a cursory brief in which he reasserts in general terms that Swanson and Romana caused him pain and suffering by denying him treatment for his throat. But as the district court explained, Mr. Williams never provided any evidence to support these claims, and he cannot create an issue of fact to defeat summary judgment by restating allegations from the complaint. *See Burrell v. City of Mattoon*, 378 F.3d 642, 648 (7th Cir. 2004). The district court correctly concluded that Swanson was not liable for Mr. Williams's throat pain because she was not at all involved in treating him for that condition. *See Palmer v. Marion County*, 327 F.3d 588, 593-94 (7th Cir. 2003). The district court also properly concluded that Mr. Williams failed to create any fact issue over the adequacy of the care that the defendants

---

[1] As a pretrial detainee, Mr. Williams is not actually covered by the Eighth Amendment, but he receives the same protection from deliberate indifference under the due process clause of the Fourteenth Amendment. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

provided him; no evidence suggests that Romana's treatment fell below any acceptable standard of care as to establish a constitutional violation.  *See Duckworth v. Ahmad,* 532 F.3d 675, 681-82 (7th Cir. 2008).

AFFIRMED